*In re* BRADLEY ESTATE

Docket No. 299640. Submitted January 5, 2012, at Grand Rapids. Decided March 22, 2012, at 9:00 a.m. Leave to appeal granted, 493 Mich 866.

Nancy Mick, as personal representative of the estate of Stephen Bradley, filed a contempt of court action in the Kent County Probate Court against the Kent County Sheriff's Department. Mick had obtained an order from the probate court on August 12, 2003, requiring that her brother, Bradley, be taken into custody for a psychiatric evaluation. The sheriff's department failed to execute the pick-up order, and Bradley fatally shot himself on August 21, 2004. Mick originally filed a wrongful-death action against the sheriff's department in the Kent Circuit Court, which the circuit court summarily dismissed on the basis of governmental immunity, MCL 691.1407. Mick then filed this civil-contempt petition in the probate court, claiming that the sheriff's department had failed to execute the probate court's order and that she suffered damages including but not limited to the damages set forth in the wrongful-death statute, MCL 600.2922. The sheriff's department moved for summary disposition, arguing that under MCL 691.1407, it was immune from the damages claim because Mick was essentially asking for tort damages from which it was immune. The probate court, David M. Murkowski, J., denied the motion, and the sheriff's department appealed that decision in the circuit court, which reversed. The circuit court, James R. Redford, J., concluded that Mick's claim for compensatory damages was barred by the government tort liability act (GTLA), MCL 691.1401 *et seq.*, because the underlying cause of action was based in tort. The circuit court remanded the case to the probate court for entry of summary disposition in favor of the sheriff's department. Mick appealed by leave granted.

The Court of Appeals *held*:

Compensatory damages for contempt may be awarded under MCL 600.1721. The damages that may be awarded for contempt of court that results in a loss of life may be assessed pursuant to the wrongful-death statute. Under the GTLA, a governmental agency is immune from tort liability for all civil wrongs if the governmental agency is engaged in the exercise or discharge of a governmen-

tal function. However, § 7 of GTLA, MCL 691.1407, does not bar recovery if a plaintiff successfully pleads and establishes a nontort cause of action even though the underlying facts could have also established a tort cause of action. The circuit court erred by concluding that Mick's claim was barred by the GTLA on the basis that the underlying cause of action was premised on the wrongful-death statute and therefore based in tort. A contempt action can survive a governmental immunity challenge if the cause of action is separate and distinct from the wrongful-death action grounded in tort liability. The nature and type of damages sought are irrelevant for determining whether the actual claim was barred by governmental immunity. Accordingly, tort-like damages would be recoverable in a contempt action if the underlying claim is proved.

Reversed and remanded to the probate court.

CONTEMPT — GOVERNMENTAL IMMUNITY — RECOVERY OF DAMAGES — NONTORT CAUSES OF ACTION.

Under the government tort liability act, MCL 691.1401, *et seq.*, a governmental agency is immune from tort liability for all civil wrongs if the governmental agency is engaged in the exercise or discharge of a governmental function; however, MCL 691.1407 does not bar recovery if a plaintiff successfully pleads and establishes a nontort cause of action such as an action for contempt, even though the underlying facts could have also established a tort cause of action; the cause of action must be separate and distinct from the action grounded in tort liability.

*Timothy L. Taylor* for Nancy Mick.

*Varnum LLP* (by *Peter A. Smit, Timothy E. Eagle,* and *Adam J. Brody*), for the Kent County Sheriff's Department.

Before: HOEKSTRA, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM. In this contempt action, petitioner Nancy Mick, in her capacity as personal representative of the estate of Stephen Bradley, appeals by leave granted the circuit court order reversing a probate court order denying the motion of respondent Kent County Sheriff's Department (KCSD) for summary disposition of Mick's claim for compensatory damages

for the death of her brother, Stephen Bradley. The only issue on which leave was granted is whether the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, applies to bar recovery of compensatory contempt damages sought pursuant to MCL 600.1721. Because we conclude that the GTLA does not apply, we reverse.

On August 12, 2004, Mick obtained an order from the probate court requiring that Bradley be taken into custody for a psychiatric evaluation. KCSD failed to execute this pick-up order in the days following its issuance, and on August 21, 2004, Bradley fatally shot himself. Mick requested that KCSD conduct an internal investigation into its failure to execute the pick-up order. That investigation determined that KCSD's handling of the pick-up order was negligent. Mick filed a wrongful-death action against KCSD, alleging that its negligence and breach of duty caused Bradley's death; however, that action was summarily dismissed by the circuit court on the basis of governmental immunity because Mick could not establish gross negligence or that KCSD's negligence was "the" proximate cause of Bradley's death.

After her wrongful-death action was dismissed, Mick filed a petition in the probate court alleging civil contempt. The petition asserted that KCSD failed and refused to execute the probate court order and as a result of that failure, Mick "suffered and continues to suffer damages, including, but not limited to, all of those damages set forth in the Michigan Wrongful Death Statute, MCL 600.2922, et seq." Mick asked the probate court to enter an order finding KCSD in civil contempt and award her "damages in an amount the Court deems appropriate."

In lieu of filing an answer, KCSD moved for summary disposition pursuant to MCR 2.116(C)(10). It argued

that under § 7 of the GTLA, MCL 691.1407, it was immune from any damages claim because Mick was essentially asking for tort damages, regardless of the fact that her petition was for civil contempt. Mick opposed KCSD's motion and argued that her action was for compensatory damages for KCSD's contempt and that the action was not barred by the GTLA because her request for damages did not stem from a tort action. After hearing oral arguments, the probate court denied KCSD's motion on the basis of its inherent power to punish contempt of court when, as here, there was a violation of a specific court order. The probate court held that "[t]he claim under the contempt statute is not based in tort, but it's based in [sic] violation of a court order" and concluded that "[g]overnmental immunity does not insulate a contemnor from the contemnor's refusal or negligence to obey a court order."[1]

KCSD appealed the probate court's ruling in the circuit court, which concluded that Mick's claim for

---

[1] In its motion for summary disposition in the probate court, KCSD also argued that Mick's petition was procedurally defective because she did not submit a sworn affidavit as required by MCR 3.606(A) and because KCSD is not a legal entity that can be sued. KCSD further argued that Mick had failed to demonstrate a genuine issue of material fact in regard to willfulness, which was required because Mick had to demonstrate that KCSD willfully disobeyed a court order, and that Mick had also failed to demonstrate a genuine issue of material fact in regard to causation, which was required because MCL 600.1721 requires a showing that any misconduct caused an actual loss or injury. In its decision issued on the record, the probate court did not explicitly address KCSD's arguments regarding willfulness or causation. However, because it denied KCSD's summary disposition motion, it must have implicitly determined that Mick had demonstrated a genuine issue of material fact. In its ruling, the probate court discussed only its inherent power to punish for contempt and its conclusion that the action is not barred by the GTLA. It briefly mentioned Mick's failure to file a sworn affidavit and stated that the defect did not bar the action because it was clear that KCSD had notice. It did not mention KCSD's argument that KCSD is not a legal entity capable of being sued.

compensatory damages for Bradley's death was barred by the GTLA. At the hearing on KCSD's appeal from the probate court, the circuit court noted that "[t]he power to punish contempt is an inherent common law right of Michigan courts of record," and as such, "contempt is not based in tort." The circuit court held that "the GTLA does not prevent courts from punishing, by either fine or jail time, government actors found to be in contempt." Nevertheless, the circuit court concluded that "the power to award compensatory damages is not an inherent contempt power of the court. Rather compensatory damages in contempt proceedings are awarded pursuant to MCL 600.1721." The circuit court noted that "the underlying cause of action is based in tort," as evidenced by the fact that the case was originally brought under the wrongful-death statute. The circuit court concluded, "Because the damages arise from tortious conduct that is not an exception to GTLA immunity, the GTLA bars [Mick] from recovery of compensatory damages from [KCSD] in the present contempt proceeding." The circuit court reversed the probate court's denial of KCSD's motion for summary disposition and remanded with direction that the probate court enter an order granting KCSD's motion pursuant to MCR 2.116(C)(7).[2]

Mick appealed the circuit court's order dismissing Mick's claim against KCSD for contempt damages on the basis that they are barred by the GTLA, and this

---

[2] On appeal to the circuit court, KCSD again argued that the GTLA barred Mick's claim for compensatory damages. KCSD also argued that the Legislature can circumscribe the probate court's authority to award compensatory damages for contempt, that Mick cannot demonstrate willfulness, and that there is no genuine issue of material fact regarding causation. Because the circuit court concluded that Mick's claims for compensatory damages are barred by the GTLA, it did not address the other issues raised by KCSD.

Court granted leave, limited to the issue raised in the application. MCR 7.205(D)(4). Accordingly, the only issue before us is whether the circuit court erred by deciding that the GTLA immunizes governmental actors from contempt-based compensatory damages awarded under MCL 600.1721.

We review de novo a trial court's decision on a motion for summary disposition. *Hoffman v Boonsiri*, 290 Mich App 34, 39; 801 NW2d 385 (2010). Under MCR 2.116(C)(7), summary disposition is appropriate if a claim is barred because of immunity granted by law. A motion pursuant to MCR 2.116(C)(7) may be supported by affidavits, depositions, admissions, or other documentary evidence as long as the evidence would be admissible. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). The allegations set forth in the complaint must be accepted as true unless contradicted by other evidence. *Id.* "[T]he trial court must accept the nonmoving party's well-pleaded allegations as true and construe the allegations in the nonmovant's favor to determine whether any factual development could provide a basis for recovery." *Hoffman*, 290 Mich App at 39.

Issues of statutory interpretation are also questions of law that we review de novo. *Driver v Naini*, 490 Mich 239, 246; 802 NW2d 311 (2011). The goal of statutory interpretation is to discern the intent of the Legislature by examining the plain language of the statute. *Id.* at 246-247. "When the language is clear and unambiguous, we will apply the statute as written and judicial construction is not permitted." *Id.* at 247.

MCL 600.1721 provides:

> If the alleged misconduct has caused an actual loss or injury to any person the court shall order the defendant to pay such person a sufficient sum to indemnify him, in addition to the other penalties which are imposed upon the

defendant. The payment and acceptance of this sum is an absolute bar to any action by the aggrieved party to recover damages for the loss or injury.

The GTLA provides in pertinent part that "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). In *Tate v Grand Rapids*, 256 Mich App 656, 660; 671 NW2d 84 (2003), this Court explained that "[t]he GTLA unambiguously grants immunity from *all* tort liability, i.e., all civil wrongs for which legal responsibility is recognized, regardless of how the legal responsibility is determined, except as otherwise provided in the GTLA."

In this case, KCSD does not dispute that the compensatory damages that may be awarded pursuant to MCL 600.1721 for contemptuous conduct that results in a loss of life could be assessed pursuant to the wrongful-death statute, MCL 600.2922, as requested by Mick in her petition filed in the probate court. Rather, KCSD argues that the wrongful-death damages sought by Mick in this case pursuant to MCL 600.1721 would actually be tort liability damages that are barred by the GTLA. Relying on the language of the governmental immunity statute and the broad application of the GTLA set forth in *Tate*, KCSD argues that regardless of how Mick's claim against it is stated, because the facts giving rise to the damages could also establish a tort cause of action, the damages are barred by the GTLA. We disagree.

In *Tate*, this Court addressed whether the GTLA applied to bar a claim against a governmental entity when the claim was based on a statute that imposed strict liability for dog bites. *Tate*, 256 Mich App at 657. After stating that the GTLA applies to "all civil

wrongs," this Court concluded that strict-liability claims are within the ambit of tort law, just as are other tort-related claims such as products liability and premises liability. *Id.* at 660-661. Thus, the holding in *Tate* was based on the conclusion that the strict-liability dog-bite claim asserted by the plaintiff was a claim for tort liability that was barred by the GTLA. The nature of the damages being sought by the plaintiff played no role in this Court's analysis.

Similarly, in *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 647; 363 NW2d 641 (1984), our Supreme Court addressed whether a contract action was subject to dismissal pursuant to the GTLA because the contract claim was joined with a tort claim and tort damages were sought for both. The Court rejected the governmental agency's argument that the plaintiff's contract claim should be dismissed even though the plaintiff had merely restated allegations contained in its tort claim that was barred by governmental immunity and requested the same damages. *Id.* at 647-648. In so holding, the Court stated:

> We recognize that plaintiffs have and will attempt to avoid § 7 [MCL 691.1407] of the governmental immunity act by basing their causes of action on theories other than tort. Trial and appellate courts are routinely faced with the task of determining whether the essential elements of a particular cause of action have been properly pleaded and proved. If a plaintiff successfully pleads and establishes a non-tort cause of action, § 7 will not bar recovery simply because the underlying facts could have also established a tort cause of action. [*Id.*]

Consistent with the holdings in *Tate* and *Ross*, whether Mick's contempt claim can survive a governmental immunity challenge is controlled not by the nature of the damages sought, but by whether Mick's

contempt action is a cause of action that is separate and distinct from one that is grounded in tort liability.

In this case, there is no doubt that Mick's contempt action is an attempt to avoid application of the GTLA. Indeed, Mick initially brought a tort action that was summarily dismissed because it was barred by the GTLA; however, Mick recast her complaint as one for contempt. In accord with the *Ross* Court's holding that the GTLA will not bar recovery simply because the underlying facts could have also established a tort cause of action, we conclude that tort-like damages are recoverable in a contempt action assuming contempt can be proved. Thus, whether the GTLA implicates the viability of Mick's contempt action rests on whether Mick can successfully plead and establish a contempt cause of action. *Id.* The nature of the damages being requested has no role in determining whether the action is barred by the GTLA. Consequently, the circuit court erred when it dismissed this case merely because the damages sought were similar to tort damages.

Reversed and remanded to the probate court for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff, being the prevailing party, may tax costs pursuant to MCR 7.219.

HOEKSTRA, P.J., and MARKEY and BORRELLO, JJ., concurred.