Cavanagh, J.
(dissenting). At issue in this case is whether an order imposing a compensatory contempt sanction under MCL 600.1721[1] imposes “tort liability” for the purposes of MCL 691.1407(1) of the governmental tort liability act (GTLA), MCL 691.1401 et seq. The majority holds that the Legislature intended to grant governmental defendants immunity from such orders, reasoning that MCL 600.1721 has a compensatory purpose and that a petition for a compensatory contempt sanction under MCL 600.1721 is essentially a tort claim. Although the majority provides an insightful summary of the legal history of tort actions, the majority fails to provide an equally insightful explanation of the nature of civil contempt, which, in my view, leads *399 the majority to its erroneous conclusion that an order imposing a compensatory contempt sanction imposes “tort liability” for the purposes of the GTLA. Rather, I would hold that a compensatory contempt sanction does not impose tort liability, primarily because that sanction is based on the contemptuous act itself. Thus, I respectfully dissent and would affirm the result reached by the Court of Appeals.
I. OVERVIEW OF CONTEMPT PROCEEDINGS
In In re Contempt of Dougherty, 429 Mich 81, 104-107; 413 NW2d 392 (1987), we considered whether “anticipatory contempt” was a proper use of the court’s contempt power, holding that the future intent to violate a court order was not subject to the court’s contempt power. That issue is not present in this case; however, In re Contempt of Dougherty is helpful because it provides an excellent analysis of the sui generis nature of contempt proceedings. Id. at 90-91. Specifically, In re Contempt of Dougherty recognized that “contempts are ‘neither wholly civil nor altogether criminal....’” Id. at 91, quoting Gompers v Bucks Stove & Range Co, 221 US 418, 441; 31 S Ct 492; 55 L Ed 797 (1911). Further, we explained that it is often necessary to characterize a contempt proceeding as criminal or civil and that the determining difference is the character and purpose of the punishment imposed on the contemnor. Id. at 92-93, quoting Gompers, 221 US at 441 (“ ‘If it is for civil contempt the punishment is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court.’ ”).
To aid courts in characterizing civil and criminal contempt proceedings, In re Contempt of Dougherty explained that the process is civil if the contemnor *400 refuses to do an act ordered by the court, whereas the process is criminal if the contemnor commits a forbidden act. Id. at 94-96, quoting Gompers, 221 US at 443, and People ex rel Attorney General v Yarowsky, 236 Mich 169, 171-172; 210 NW 246 (1926). The purpose of criminal contempt is to penalize and “operateG in terrorem ... to prevent a repetition of the offense in similar cases,” and the purpose of civil contempt is to coerce the contemnor to comply with the court’s order for the benefit of the opposing party. In re Contempt of Dougherty, 429 Mich at 95-96 (quotation marks and citations omitted). In re Contempt of Dougherty acknowledged, however, that “there are two types of civil contempt sanctions, coercive and compensatory.” Id. at 97. The purpose of the compensatory fine in a civil contempt proceeding is to compensate the complainant. Id. at 98. The complainant’s “ ‘right, as a civil litigant, to the compensatory fine is dependent upon the outcome of the basic controversy.’ ” Id., quoting United States v United Mine Workers of America, 330 US 258, 303-304; 67 S Ct 677; 91 L Ed 884 (1947). In re Contempt of Dougherty, 429 Mich at 98, concluded that
there are three sanctions which may be available to a court to remedy or redress contemptuous behavior: (1) criminal punishment to vindicate the court’s authority; (2) coercion, to force compliance with the order; and (3) compensatory relief to the complainant.
II. A COMPENSATORY CONTEMPT SANCTION IS NOT “TORT LIABILITY”
I agree with the majority that a proper analysis of this case should begin by defining “tort liability” for the purposes of MCL 691.1407(1), and, next, it must be determined whether a compensatory sanction for civil contempt constitutes tort liability. Further, I appreciate the majority’s thoughtful approach to providing a *401 common-law definition of “tort” as “a civil wrong, other than a breach of contract, for which the court will provide a remedy in the form of compensatory damages.” Ante at 384. Most importantly, I agree with the majority that “our focus must be on the nature of the liability rather than the type of action pleaded,” ante at 387, and the first focus should be “on the nature of the duty that gives rise to the claim,” ante at 389.
Under MCL 600.1721, “any person” who suffers “actual loss or injury” caused by the defendant’s “alleged misconduct” may file a petition or motion seeking remedial relief in the form of a compensatory contempt sanction. As the majority acknowledges, the reference in MCL 600.1721 to “alleged misconduct” illustrates that such a petition or motion is based on the general contempt statute, MCL 600.1701. Thus, without an act of contempt, there is no basis for liability under MCL 600.1721. At its core, a contemptuous act is an “act of disobedience” to the court’s “ordinary exercise of its duties,” and, “[w]ithout authority to act promptly and independently the courts could not administer public justice or enforce the rights of private litigants.” Gompers, 221 US at 450, citing Bessette v W B Conkey Co, 194 US 324; 24 S Ct 665; 48 L Ed 997 (1904). Despite the fact that a compensatory sanction based on civil contempt is primarily remedial in nature,[2] i.e., it “is for the purpose of protecting the civil rights and remedies of *402 the party, and to compensate him for the injury or loss by the misconduct alleged,” Holland v Weed, 87 Mich 584, 587-588; 49 NW 877 (1891), the liability imposed nevertheless arises from the party’s disobedience to a court order.
As a result, I disagree with the majority that the “alleged misconduct,” which serves as the basis for liability under MCL 600.1721, is “synonymous” with a traditional tort duty and its breach. Ante at 391. This is because, generally stated, liability arising from tortious conduct stems from a breach of one’s duty to another, not the breach of an obligation owed to the court.[3] Additionally, as Justice MCCORMACK astutely explains, there may be civil wrongs that are neither a tort nor a contract. See post at 407-408. Indeed, a “civil wrong” may be defined as “[a] violation of noncriminal law, such as a tort, a breach of contract or trust, a breach of statutory duty, or a defect in performing a public duty; the breach of a legal duty treated as the subject matter *403 of a civil proceeding.” Black’s Law Dictionary (9th ed), p 1751 (emphasis added). A petition or motion for a compensatory contempt sanction could be classified as a claim based on a civil wrong in that it is based on a breach of a legal duty owed to the court; however, I disagree with the majority that the fact that a noncontractual civil wrong is at issue means that tort liability is imposed. See ante at 391. Rather, I think that the nature of the legal duty is relevant. In other words, I do not think that simply because a civil legal duty exists and is not a contractual duty, that a breach of that duty necessarily imposes tort liability.
Because the “alleged misconduct” under MCL 600.1721 is distinguishable from tortious conduct, the compensatory quality of tort damages and of a contempt sanction imposed under MCL 600.1721 is the only potentially relevant similarity shared by the two types of liability.[4] While I agree with the majority that the purpose of the relief sought may be a relevant inquiry when determining whether a type of liability is tort liability for the purposes of the GTLA, the nature of the remedy sought should not be dispositive when *404 analyzing a claim for purposes of MCL 691.1407(1).[5] Thus, I do not think that a compensatory contempt sanction imposes tort liability simply because it may serve a similar remedial purpose as tort damages.
I also think that, in certain circumstances, characterizing a compensatory contempt sanction as serving a compensatory purpose to the exclusion of any other purpose may oversimplify the nature of the contempt proceeding itself. See Gompers, 221 US at 443 (recognizing the “incidental effect[s],” i.e., the overlapping purposes, of civil and criminal contempt). Specifically, I think that when a party subject to a court order has the present obligation and ability to comply, the prospect of a compensatory sanction may work hand-in-hand with coercive monetary sanctions.[6] “When the purpose of the sanction is to make a party or person comply, the trial court, in exercising its discretion, must ‘consider the *405 character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.’ ” In re Moroun, 295 Mich App 312, 337; 814 NW2d 319 (2012), quoting In re Contempt of Dougherty, 429 Mich at 98, quoting United Mine Workers of America, 330 US at 304 (quotation marks omitted). In my view, the compensatory contempt sanction, which is measured by the actual loss caused by the contemptuous conduct, serves a similar purpose as a coercive contempt sanction; the primary difference is that the former is retrospective, whereas the latter is prospective. A coercive contempt sanction attempts to avoid actual loss altogether by sanctioning present noncompliance, while a compensatory contempt sanction reimburses a petitioner’s actual loss. Practically speaking, the possibility that the contumacious party may still be sanctioned after his or her ability to comply with the order has expired, will encourage the contumacious party to comply with the court order before his or her ability to do so has expired.[7]
*406 To conclude, I would hold that the contemptuous act itself is an integral part of imposing liability under MCL 600.1721, and the duty one owes to a court is distinguishable from a tort duty. While the common-law definition of “tort” is admittedly broad, holding that a compensatory contempt sanction amounts to “tort liability” unreasonably stretches the traditionally understood concept of a “tort” claim by not appreciating that a tort duty is not simply any noncontractual civil duty imposed by the law. Thus, I would conclude that the Legislature, when granting immunity from tort liability under the GTLA, did not intend that governmental defendants would be immune from compensatory contempt sanctions.

 MCL 600.1721 states:
If the alleged misconduct has caused an actual loss or injury to any person the court shall order the defendant to pay such person a sufficient sum to indemnify him, in addition to the other penalties which are imposed upon the defendant. The payment and acceptance of this sum is an absolute bar to any action by the aggrieved party to recover damages for the loss or injury.

 See In re Contempt of Dougherty, 429 Mich at 93 (noting that “a civil contempt proceeding may have a punitive, as well as remedial effect”); Gompers, 221 US at 443 (“It is true that either form of imprisonment has also an incidental effect. For if the case is civil and the punishment is purely remedial, there is also a vindication of the court’s authority. On the other hand, if the proceeding is for criminal contempt and the imprisonment is solely punitive, to vindicate the authority of the law, the complainant may also derive some incidental benefit from the fact that such punishment tends to prevent a repetition of the disobedience. But *402 such indirect consequences will not change imprisonment which is merely coercive and remedial, into that which is solely punitive in character, or vice versa.”).

 Compare Black’s Law Dictionary (9th ed), p 998 (defining “tortious liability” as “[l]iability that arises from the breach of a duty that (1) is fixed primarily by the law, (2) is owed to persons generally, and (3) when breached, is redressable by an action for unliquidated damages”) (emphasis added), and ante at 385 n 40 (stating that a “tort” is a “ ‘breach of a duty that the law imposes on persons who stand in particular relation to one another’ ”), quoting Black’s Law Dictionary (9th ed) (emphasis added), with Gompers, 221 US at 450 (explaining that a party subject to a court’s order cannot “make himself a judge of the validity of orders” because a court must be enabled “to enforce its judgments and orders necessary to the due administration of law and the protection of the rights of suitors”) (citation omitted) (emphasis added), and In re Contempt of Rapanos, 143 Mich App 483, 496; 372 NW2d 598 (1985) (“Civil contempt proceedings are instituted to preserve and enforce the rights of private parties to suits and to compel obedience to orders and decrees made to enforce those rights and to administer the remedies to which the court has found the parties entitled.”) (emphasis added).

 In support of its conclusion that MCL 600.1721 imposes tort liability for the purposes of the GTLA, the majority also looks to the second sentence of MCL 600.1721, which states that “[t]he payment and acceptance of this sum is an absolute bar to any action by the aggrieved party to recover damages for the loss or injury.” I agree that MCL 600.1721 bars an action for damages that are caused by the contemptuous conduct; however, I do not see how that fact supports the majority’s holding that a compensatory contempt sanction imposes tort liability. The fact that a compensatory contempt sanction, referred to as a “sum” in the statute, bars a subsequent action at law does not mean that the Legislature likened the two forms of liability. Rather, in my view, the Legislature realized that a compensatory contempt sanction has a similar remedial purpose to tort liability and, thus, the Legislature decided to bar actions at law to avoid providing a windfall to a petitioner under MCL 600.1721.

 Like the majority, I disagree with the Court of Appeals to the extent that it held that the nature of the damages sought in an action has “no role in determining whether the action is barred by the GTLA.” In re Bradley Estate, 296 Mich App 31, 39; 815 NW2d 799 (2012). But I agree with the Court of Appeals to the extent it explained that, when analyzing whether a compensatory contempt sanction falls within the scope of tort liability under MCL 691.1407(1), the inquiry depends on whether the “contempt action is a cause of action that is separate and distinct from one that is grounded in tort liability.” Id. (emphasis added). Additionally, I do not find relevant the majority’s statement that the GTLA grants immunity from “tort liability,” while not expressly referring to a “tort duty.” It goes without saying that in order for a tort or liability resulting from a tort to exist, a tort duty must exist; thus, in my view, the majority’s analysis appears to rest on the fact that petitioner seeks remedial relief under MCL 600.1721.

 See In re Contempt of Dougherty, 429 Mich at 99 (stating that “a coercive sanction is proper where the contemnor, at the time of the contempt hearing, is under a present duty to comply with the order and is in present violation of the order”); DeGeorge v Warheit, 276 Mich App 587, 592; 741 NW2d 384 (2007) (“Civil contempt proceedings seek compliance through the imposition of sanctions of indefinite duration, terminable upon the contemnor’s compliance or inability to comply.”).

 As the majority notes, governmental defendants are not typically immune from equitable suits. See ante at 389 n 54. As a result, I question whether it may be an unforeseen consequence of the majority’s holding to immunize governmental defendants from compensatory contempt sanctions when those defendants are not immune from the imposition of an equitable order. Indeed, the losses recovered under MCL 600.1721 typically arise from a violation of such an equitable order, not from a wrong that may be remedied with tort damages. Moreover, I think that the Legislature, through the enactment of MCL 600.1721, has recognized that it would be unjust to preclude the recovery of losses sustained simply because the contemnor is not under a present duty to comply with the court order. The majority asserts that because MCL 600.1721 allows “any person” to petition or move for a compensatory contempt sanction, the purpose of the statute is to compensate a private individual. That may be a purpose of the statute, but, in my view, the majority oversimplifies the context of when a petition or motion under MCL 600.1721 may be brought and ignores that any loss covered by the statute was sustained as *406 a result of a violation of a court order. For that reason, I think that a motion or petition brought under MCL 600.1721 is simply too far removed from the common-law understanding of tort liability to conclude that the Legislature, when enacting the GTLA, thought of a compensatory contempt sanction as imposing tort liability.