PARDON v FINKEL

Docket No. 150827. Submitted June 21, 1995, at Detroit. Decided
    September 29, 1995, at 9:15 A.M. Leave to appeal sought.
    Cassandra N. Pardon, Samuel M. Locke, Jr., and Barbara J.
    Locke brought an action in the Oakland Circuit Court against
    Steven Finkel, Pine Knob Music Theatre, Inc., the Oakland
    County Sheriff's Department, and others, seeking damages for
    injuries allegedly sustained as a result of an altercation that
    took place at the Pine Knob Music Theatre and damages for
    false arrest, false imprisonment, malicious prosecution, assault
    and battery, and intentional infliction of emotional distress.
    The action was based on the actions of certain off-duty Oakland
    County sheriff's deputies hired by Pine Knob as security
    guards. The court, Rudy J. Nichols, J., granted in part the
    defendants' motion for summary disposition. The court held
    that the county was engaged in a governmental function when
    it provided the deputies to Pine Knob and was entitled to
    summary disposition with regard to the plaintiffs' state law
    claims. The court held that the sheriff and the county could not
    be held vicariously liable for the deputies' actions because they
    were entitled to governmental immunity. Sheriff's deputies
    Susan Tobin and Lawrence Scott were granted summary dispo-
    sition on grounds of governmental immunity and with regard
    to the plaintiffs' civil rights claims. Sergeant Kerry Krupsky's
    motion for summary disposition was denied because the court
    found questions of fact regarding his alleged gross negligence or
    intentional misconduct. The court granted in part Pine Knob's
    motion for summary disposition, noting the indemnity provi-
    sions of the contract between Oakland County and Pine Knob,
    but denied the motion with regard to the allegations concern-
    ing Pine Knob's own negligence. The plaintiffs appealed. The
    Court of Appeals, CAVANAGH, P.J., and MARILYN KELLY and
    FITZGERALD, JJ., granted the plaintiffs' motion for a stay of the

REFERENCES

Am Jur 2d, Municipal, County, School, and State Tort Liability
    § 95.
See ALR Index under Governmental Immunity or Privilege.

proceedings. Unpublished order of the Court of Appeals, entered July 29, 1992 (Docket No. 150827).

The Court of Appeals *held:*

1. The county and its deputies were not protected by governmental immunity. The trial court erred in granting the defendants' motions for summary disposition. The county was engaged in a nongovernmental function, thereby precluding the defense of governmental immunity. The county was not present at Pine Knob under any public duty doctrine.

2. Neither MCL 41.181; MSA 5.45(1) nor MCL 51.76; MSA 5.868(16), which involve statutory authorization for furnishing deputies, applies under the facts of this case. The statutes apply strictly to townships, cities, or villages, and not to private entites such as Pine Knob.

3. The trial court erred in finding that deputies Tobin and Scott were protected by governmental immunity. The trial court's finding must be reversed.

4. A question of fact exists regarding whether Tobin and Scott violated Pardon's constitutional rights and whether Tobin violated Barbara Locke's constitutional rights. The trial court erred in granting summary disposition with regard to these claims.

Reversed and remanded.

TORTS — GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTIONS.

It is the general activity of a governmental agency at the time of the commission of a tort, not the specific conduct involved at that time, that must be focused on in determining whether the agency was engaged in a governmental function for purposes of application of the statutory provisions regarding governmental immunity.

*Gerald L. Portney, P.C.* (by *Gerald L. Portney*) (*Bendure & Thomas,* by *Mark R. Bendure* and *Sidney A. Klingler,* of Counsel), for the plaintiffs.

*Dise & Gurewitz, P.C.* (by *John H. Dise, Jr.,* and *G. Gus Morris*), for the Oakland County Sheriff's Department, John F. Nichols, Susan Tobin, Kerry Krupsky, and Lawrence Scott.

Before: HOLBROOK, JR., P.J., and MICHAEL J.
KELLY and D. J. KELLY,* JJ.

MICHAEL J. KELLY, J. This case involves issues of
first impression arising out of the practice of Oak-
land County of contracting to furnish sheriff's
deputies to private agencies for "crowd control"
services in exchange for fixed fees.

Plaintiffs' complaint alleges injuries resulting
from an altercation that occurred on July 12,
1987, at the Pine Knob Music Theatre and seeks
damages for false arrest, false imprisonment, mali-
cious prosecution, assault and battery, and inten-
tional infliction of emotional distress visited upon
plaintiffs by off-duty sheriff's deputies hired by
Pine Knob and acting as security and crowd con-
trol functionaries, pursuant to a contract between
Oakland County and Pine Knob Music Theatre,
Inc. (Pine Knob). The Oakland Circuit Court
granted summary disposition pursuant to MCR
2.116(C)(7), (8), and (10), by order of December 18,
1991, certified as a final judgment on April 2, 1992.
We reverse.

### FACTUAL BACKGROUND

In 1987, Pine Knob entered into a contract with
Oakland County to hire deputy sheriffs to provide
security at Pine Knob's entertainment center in
Independence Township. Pine Knob agreed to pay
the county $28.44 an hour for each deputy. This
amount corresponded to the deputy sheriffs' over-
time pay under their union's collective bargaining
agreement. The contract contained a hold harm-
less agreement by which the county would be
responsible for the acts and omissions of its depu-
ties, although the deputies' status was specifically

* Circuit judge, sitting on the Court of Appeals by assignment.

declared to be that of independent contractors and not employees or agents of Pine Knob. The county also agreed to furnish vehicles for use by the deputies at no cost to Pine Knob. Dale Cunningham, business manager for Oakland County, provided in his sworn affidavit that the transaction "was not done primarily to produce a profit," that the program resulted in a net loss to the sheriff's department, and that "the activity of providing law enforcement officers is normally supported by taxes and fees."

On July 12, 1987, plaintiffs attended a concert at Pine Knob. Plaintiff Cassandra Pardon was an off-duty Detroit Police officer carrying a .38 caliber pistol in her purse. She told an attendant who informed defendant Kerry Krupsky, a sergeant in the employ of the county and staff supervisor of the deputies at Pine Knob. Krupsky and other deputies confronted Pardon, who produced her badge and identification that purported to authorize the carrying of a pistol. They argued. Plaintiffs contend that they were singled out for attention and abuse because they are black. Krupsky contends that Pardon engaged in abusive name calling. Defendant Steven Finkel, the park manager, was consulted, after which Krupsky advised Pardon that Pardon could either receive a refund or leave her weapon with Krupsky. Pardon contends that she agreed to leave her weapon and proceeded to unload it, that when she asked for a receipt Krupsky became abusive and began to push his finger in her face, and that she attempted to defend herself but was physically removed from the trailer, thrown upon a cement floor, and handcuffed. Plaintiff Samuel Locke sought to intercede, verbally according to plaintiffs, physically according to defendants, whereupon he was handcuffed and arrested. Barbara Locke was physically de-

tained and arrested by defendant Susan Tobin. The three plaintiffs were then charged with assault and battery, aggravated assault, and disturbing the peace. On January 23, 1989, all three were found not guilty of all charges by a district court jury. On June 27, 1989, plaintiffs filed a civil action against the county, Krupsky, Temple, Tobin, Finkel, Sheriff John Nichols, and Pine Knob, alleging false arrest, false imprisonment, malicious prosecution, and assault and battery. With respect to the individual defendants, plaintiffs alleged intentional infliction of emotional distress and federal civil rights violations. With respect to the county, plaintiffs also alleged failure to educate and train its deputies in matters of law enforcement. With respect to Pine Knob, plaintiffs alleged that it was negligent in failing to formulate a policy for off-duty police officers attending concerts.

Defendants moved for summary disposition pursuant to MCR 2.116(C)(7), (8), and (10). The circuit court held that the county was engaged in a governmental function and that it did not fall within the proprietary function exception when it provided deputies to Pine Knob and thus was entitled to summary disposition regarding all state claims under MCR 2.116(C)(7). It held that Sheriff Nichols and the county could not be held vicariously liable for the actions of the deputies because they were entitled to governmental immunity. With regard to the individual deputies, Tobin and Scott were granted summary disposition under subrule C(7) on grounds of governmental immunity and were granted summary disposition of the civil rights claims pursuant to MCR 2.116(C)(8) and (10). Sergeant Krupsky was denied summary disposition because the court found questions of fact regarding

his alleged gross negligence or intentional misconduct.

On November 27, 1991, the court granted Pine Knob's motion for summary disposition in part on the basis of the contract indemnity provisions but denied its motion for summary disposition regarding the allegations concerning its own negligence. This Court granted plaintiffs' motion for a stay of the proceedings pending resolution of this appeal. Unpublished order of the Court of Appeals, entered July 29, 1992 (Docket No. 150827).

## GOVERNMENTAL IMMUNITY

We hold that the lower court erred in granting defendants' motions for summary disposition because the county and its deputies were not protected by governmental immunity. Accepting plaintiffs' well-pleaded allegations, the relationship between the county and Pine Knob was akin to that of a private security guard situation, and thus the county was engaged in a nongovernmental function, thereby precluding the immunity defense. The contract provides in pertinent part that in exchange for the payment of the hourly rate, "per deputy worked including court time," the county agrees

that it shall furnish deputies from the Oakland County Sheriff's Department and such equipment as shall be determined necessary for crowd control within the theatre grounds during the . . . theatre season.

* * *

5. County shall be responsible for all the acts and omissions of its deputies which it acknowledges and agrees are in the status of independent contractors and not to [sic] employees or agents as to Pine Knob.

6. County shall indemnify and hold harmless Pine Knob and its principals, agents and employees, from and against all claims, suits, damages, losses and expenses whatsoever . . . .

7. County agrees to pay all taxes in connection with the work of its deputies pursuant to this Agreement and to provide and pay for all Workman's Compensation, hospitalization and other related employee benefits of its deputies.

To determine whether a governmental agency is engaged in a governmental function, the focus must be on the general activity, not the specific conduct involved at the time of the tort. *Smith v Dep't of Public Health,* 428 Mich 540; 410 NW2d 749 (1987), aff'd sub nom *Will v Michigan Dep't of State Police,* 491 US 58 (1989). In this instance, the general activity focused upon was not law enforcement but crowd control. Such an arrangement is characteristic of a private agreement between two entities as opposed to a law enforcement governmental function. In addition, either party had the ability to opt out of the contract or even decline to enter into or perform the contract. The county would not have such options if its service were mandated by constitution, statute, or local ordinance. The county was not at Pine Knob under any public duty doctrine, but was there only pursuant to contract.

Defendants cite MCL 41.181; MSA 5.45(1) and MCL 51.76; MSA 5.868(16) as statutory authorization for furnishing deputies. We find these statutes inapposite. MCL 41.181; MSA 5.45(1) states that a *township* may appropriate funds and call upon the sheriff to provide special police protection, and so forth. Both statutes apply strictly to townships, cities, or villages, and not to private entities such as Pine Knob.

Plaintiffs assert as a fallback position that if

governmental immunity were applicable in this situation this activity would nonetheless be categorized as a "proprietary function" because it was conducted primarily for profit and the activity would not normally be supported by tax dollars. MCL 691.1413; MSA 3.996(113); *Hyde v Univ of Michigan Bd of Regents,* 426 Mich 223, 258; 393 NW2d 847 (1986). We find it unnecessary to address this issue. The Cunningham affidavit indicates that the program of providing sheriff's deputies to Pine Knob was operated at a net loss in 1987. This would not necessarily be dispositive but this issue must be left for another day and in fact has been addressed in an Oakland Circuit Court case by Circuit Judge David Breck in *Fahr v Pine Knob* (Oakland Circuit Court Case No. 89-362-617 NI), where there was information indicating that the county generated fifteen to twenty percent of its total budget from contracts with private entities. A rather remarkable bit of information if true.

In view of our conclusion that governmental immunity is not applicable, we reverse the trial court's finding that deputies Tobin and Scott were protected by governmental immunity because they were acting within the scope of employment while engaged in a governmental function. Because all the subsections in MCL 691.1407(2); MSA 3.996(107)(2) must be met for governmental immunity to apply and subsection 2(b) has not been met, Tobin and Scott can be liable for alleged torts as pleaded. This includes negligent acts and acts of gross negligence or wilful and wanton misconduct. There must be factual development to determine if and how Barbara Locke received her injuries. A motion for summary disposition may be granted only if no factual development can provide a basis for recovery. Obviously, construing the allegations

in favor of plaintiffs, acts and omissions are alleged for which the deputies could be found liable to Barbara Locke and Samuel Locke. Whether the deputies' conduct of failing to intervene in the alleged assault upon Pardon establishes a prima facie case appears to depend on whether a reasonable factfinder could conclude that the defendants' conduct amounted to gross negligence. On this record, we are not prepared to say that reasonable minds could not differ.

## FEDERAL CIVIL RIGHTS CLAIMS

Plaintiffs also allege violations of the Eighth and Fourteenth Amendments. During the motion hearing, the lower court indicated that plaintiffs withdrew the allegations relative to the Eighth Amendment, thereby leaving the alleged violations of the Fourteenth Amendment at issue. In their brief, plaintiffs assert that the Fourteenth Amendment issue is preserved because it was raised in response to defendants' motion for summary disposition. We believe a question of fact exists regarding whether Tobin and Scott violated Pardon's constitutional rights and whether Tobin violated Barbara Locke's constitutional rights. We hold that the lower court erred in granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(10) with regard to these claims. The trial court decided that defendants Tobin and Scott had satisfied the three criteria of MCL 691.1407; MSA 3.996(107). The allegations of the complaint at paragraph sixty-three allege that the civil rights violation arises out of 42 USC 1983, and at paragraph sixty-four that the defendant deputies were acting under color of "Michigan statute, local ordinances and regulations," and under paragraph sixty-five, that defendants were recklessly indiffer-

ent to plaintiffs' safety and therefore plaintiffs were entitled to compensatory and punitive damages. In view of our holding that deputies Tobin and Scott were not clothed with governmental immunity, we leave for decision on remand whether count VIII is viable in view of the fact that neither party has briefed the question whether Tobin's and Scott's status as contractual security guards states a cause of action under this count.

Reversed and remanded for proceedings consistent with this opinion.

D. J. KELLY, J., concurred.

HOLBROOK, JR. P.J., concurred in the result only.