TATE v CITY OF GRAND RAPIDS

Docket No. 236251. Submitted March 4, 2003, at Grand Rapids. Decided May 29, 2003, at 9:00 A.M.

Alex C. Tate brought an action pursuant to MCL 287.351 (the dog-bite statute) in the Kent Circuit Court against the city of Grand Rapids after he was bitten by a police dog during a police investigation, despite the handler's attempt to stop the dog. The city moved for summary disposition, arguing that it was immune from any liability under the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, because the injury occurred during the exercise of a governmental function (the discharge of its law-enforcement duties.) The trial court, George S. Buth, J., agreed, and granted summary disposition in favor of the city. The plaintiff appealed.

The Court of Appeals *held*:

1. Subject to exceptions not pertinent to this case, the GTLA grants broad immunity to all governmental agencies regarding all tort liability whenever they are engaged in the exercise or discharge of a governmental function. MCL 691.1407(1). The plaintiff's argument that his claim was one of strict liability under the dog-bite statute, rather than one of tort liability contemplated by the GTLA is without merit. A claim of strict liability is still a tort action seeking to impose tort liability.

2. Despite the fact that the dog bit the plaintiff against the handler's orders, the police officers, and thus the city, were engaged in a governmental function at the time of the incident—the general investigation of a crime.

Affirmed.

WHITBECK, C.J., concurring, agreed with the result reached by the majority, but wrote separately to note his belief that the primary inquiry should have been whether the dog-bite statute waived or abrogated the governmental tort liability act by necessary inference, and that the dog-bite statute had not done so.

*Robert J. Riley* for the plaintiff.

*Janice F. Bailey*, Assistant City Attorney, for the defendant.

Before: WHITBECK, C.J., and CAVANAGH and BANDSTRA, JJ.

PER CURIAM. Plaintiff Alex C. Tate appeals as of right the trial court's grant of summary disposition in defendant city of Grand Rapids' favor on the ground that the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, barred plaintiff's claim for injuries sustained when he was bitten by a police dog. We affirm.

On October 1, 1999, police responded to a reported felonious assault at a bowling alley. After being advised by witnesses that two suspects had fled the scene, a police dog was being prepared to track the suspects when plaintiff arrived on the scene. Police officers yelling at plaintiff to "stop" alerted the police dog, which ran toward plaintiff. The police dog's handler repeatedly and loudly ordered the dog to heel and return, but the dog did not obey. Apparently, when plaintiff dropped to his knees and put his arms over his head, the dog proceeded to bite plaintiff on his shoulder. On October 5, 2000, plaintiff asserted this claim, pursuant to the common law and MCL 287.351, for the dog-bite injuries. The trial court granted defendant's motion for summary disposition on the ground that plaintiff failed to plead a claim avoiding defendant's governmental immunity, MCL 691.1407(1).

On appeal, plaintiff first argues that the trial court erred in concluding that defendant was immune from liability under MCL 691.1407(1) because, pursuant to MCL 287.351, defendant is strictly liable for plaintiff's injuries. We disagree. Decisions on summary disposition motions and questions of statutory interpretation

are reviewed de novo. *Stanton v Battle Creek*, 466 Mich 611, 614; 647 NW2d 508 (2002).

MCL 287.351, the dog-bite statute, provides:

> (1) If a dog bites a person, without provocation while the person is on public property, or lawfully on private property, including the property of the owner of the dog, the owner of the dog shall be liable for any damages suffered by the person bitten, regardless of the former viciousness of the dog or the owner's knowledge of such viciousness.

This statute has consistently been interpreted as creating "an almost absolute liability" in the dog owner, except in instances of provocation. *Nicholes v Lorenz*, 396 Mich 53, 59-60; 237 NW2d 468 (1976); *Bradacs v Jiacobone*, 244 Mich App 263, 267; 625 NW2d 108 (2001); *Thelen v Thelen*, 174 Mich App 380, 385-386; 435 NW2d 495 (1989). Here, it is uncontested that plaintiff did not provoke the attack. However, in the trial court defendant successfully argued that, because it is a governmental agency, defendant was immune from tort liability arising from the discharge of its law enforcement duties, including any liability resulting from plaintiff being bitten by a police dog during the course of an investigation.

Defendant's argument is premised on the GTLA, MCL 691.1401 *et seq.*, in particular MCL 691.1407(1), which provides, in part:

> Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function.

This statute grants broad immunity to governmental agencies, extending immunity "to all governmental agencies for *all* tort liability whenever they are

engaged in the exercise or discharge of a governmental function." *Nawrocki v Macomb Co Rd Comm,* 463 Mich 143, 156; 615 NW2d 702 (2000) (emphasis in original). By the plain language of § 7, only tort claims brought pursuant to one of the five exceptions[1] provided by the GTLA itself, and those that arise from the exercise or discharge of a nongovernmental function, survive the grant of immunity. See *Mack v Detroit,* 467 Mich 186, 201; 649 NW2d 47 (2002); *Pohutski v Allen Park,* 465 Mich 675, 689-690; 641 NW2d 219 (2002); *Nawrocki, supra* at 157.

Plaintiff argues that his cause of action is not one of "tort liability" but rather "strict liability" and, thus, is not within the reach of the GTLA. Plaintiff fails to support the alleged dispositive nature of this title distinction with any legal authority. Nevertheless, in our attempt to give effect to the Legislature's intent, we first consider the plain and ordinary meaning of statutory language. See *Charboneau v Beverly Enterprises, Inc,* 244 Mich App 33, 40; 625 NW2d 75 (2000); *Ypsilanti Housing Comm v O'Day,* 240 Mich App 621, 624; 618 NW2d 18 (2000). The GTLA provides governmental agencies immunity from "tort liability." At issue is whether the dog-bite statute, which imposes "strict liability,"[2] is outside the reach of the "tort liability" provision of the GTLA. We conclude that it is not.

---

[1] The five statutory exceptions are: the highway exception, MCL 691.1402; the motor vehicle exception, MCL 691.1405; the public building exception, MCL 691.1406; the proprietary function exception, MCL 691.1413; and the governmental hospital exception, MCL 691.1407(4). *Nawrocki, supra* at 156 n 14.

[2] Michigan courts have considered the dog-bite statute a strict liability statute. See *Bradacs, supra* at 275; *Spikes v Banks,* 231 Mich App 341, 352-353; 586 NW2d 106 (1998).

A "tort" is broadly defined as "[a] civil wrong for which a remedy may be obtained," and "tort law" is the branch of law applicable to such claims. See Black's Law Dictionary (7th ed); Prosser & Keeton, Torts (5th ed), § 1, pp 2, 5-6. Just as products liability and premises liability claims are based on tort law and, thus, may result in tort liability, strict liability is based on tort law and may result in tort liability, i.e., civil liability for wrongful conduct. See *id.*, § 75, pp 534-538. In this context, the primary characteristic that distinguishes a strict liability claim from other tort-based claims is the principle of fault. *Id.* In typical tort actions, before liability will be imposed, the plaintiff must establish the defendant's fault, e.g., intentional or negligent conduct. To the contrary, in a strict liability tort action, liability is not fault-based— it is not dependent, for example, on whether negligent, intentional, or accidental conduct caused the harm; rather, civil liability is imposed for the wrongful conduct irrespective of fault. *Id.*; see, also, Dobbs, Law of Torts, § 342, pp 941-942. Nevertheless, it is still a tort action seeking to impose tort liability. Consistent with these general concepts, MCL 287.351 does not itself establish liability for dog bites; rather, it merely replaces the negligence standard applicable to the existing common-law tort (liability imposed regarding an animal known to be vicious) with a strict liability standard (liability imposed regardless of such knowledge). See *Nicholes, supra* at 59.

The GTLA unambiguously grants immunity from *all* tort liability, i.e., all civil wrongs for which legal responsibility is recognized, regardless of how the legal responsibility is determined, except as otherwise provided in the GTLA. Consequently, plaintiff's argu-

ment that his claim is exempt from the GTLA because it is not one of tort liability is without merit. Accordingly, the trial court properly dismissed plaintiff's strict liability claim on the ground that it was barred by governmental immunity.

Plaintiff also argues that the trial court erred in dismissing his claim because, when he was bitten by the police dog, the police department was not "engaged in the exercise or discharge of a governmental function" as required by the GTLA. We disagree.

Pursuant to MCL 691.1401(f), a " '[g]overnmental function' is an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." Plaintiff argues that, because the police dog bit him against his handler's orders, "the attack had nothing whatsoever to do with the proper exercise of the governmental function of policing." However, "[t]o determine whether a governmental agency is engaged in a governmental function, the focus must be on the general activity, not the specific conduct involved at the time of the tort." *Pardon v Finkel*, 213 Mich App 643, 649; 540 NW2d 774 (1995); see, also, *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567, 625, 635; 363 NW2d 641 (1984). Here, it is undisputed that, at the time of the incident, defendant's police officers were investigating a reported felonious assault, a crime; thus, they were engaged in police activity—a governmental function—within the contemplation of the GTLA when the incident occurred. Accordingly, the trial court properly held that defendant was entitled to immunity.

Affirmed.

WHITBECK, C.J. *(concurring)*. I concur in the result reached by the majority. I write separately to express a somewhat different method of analysis, leading to the same result.

## I. BASIC FACTS AND PROCEDURAL HISTORY

As set out in the majority opinion, this case involves plaintiff Alex C. Tate's suit against defendant city of Grand Rapids for injuries he sustained when a police dog, owned by the city through its police department, bit him. As the majority opinion states, it is uncontested that Tate did not provoke the attack by the police dog. Thus, the issue is whether MCL 287.351 (the dog-bite statute) prevails over MCL 691.1401 (the governmental tort liability act or the GTLA). The trial court held that the dog-bite statute did not take precedence over the GTLA and granted summary disposition to the city on the basis of the governmental immunity granted by the GTLA.

## II. STANDARD OF REVIEW

We review de novo a trial court's grant of summary disposition to determine whether the moving party was entitled to judgment as a matter of law.[1] Similarly, we review de novo the determination of whether governmental immunity applies under the dog-bite statute as a question of law.[2]

---

[1] *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

[2] *Baker v Waste Mgt of Michigan, Inc*, 208 Mich App 602, 605; 528 NW2d 835 (1995).

### III. A "NECESSARY INFERENCE"

Tate's arguments in this case—and to some extent the majority opinion—focus on the language of the GTLA in determining which statute takes precedence. In my view, the primary inquiry should be directed at the language of the dog-bite statute. In *Ballard v Ypsilanti Twp*,[3] the Michigan Supreme Court held that the GTLA may only be waived or abrogated " 'by an express statutory enactment or by necessary inference from a statute.' "[4]

The dog-bite statute contains no reference to the government or its employees; this rules out an express abrogation. Accordingly, the question becomes whether the dog-bite statute by "necessary inference" abrogated the general doctrine of governmental immunity. There is some support for the view that the dog-bite statute abrogates the doctrine of governmental immunity contained in the GTLA in that provocation is the only defense to a claim under the dog-bite statute. Arguably, therefore, this would render the defense of governmental immunity inapplicable. However, the cases that have followed this line of reasoning have done so in the context of parental immunity, not governmental immunity, and they have reached this conclusion, in part, because of the general trend toward abrogating the doctrine of parental immunity.[5]

---

[3] *Ballard v Ypsilanti Twp*, 457 Mich 564, 574; 577 NW2d 890 (1998).

[4] *Id.* at 574, quoting *Mead v Pub Service Comm*, 303 Mich 168, 173; 5 NW2d 740 (1942).

[5] See, e.g., *Thelen v Thelen*, 174 Mich App 380, 386; 435 NW2d 495 (1989).

I also note that the dog-bite statute does not define "owner of the dog" to *exclude* the government. However, when faced with a somewhat similar situation with respect to the Whistleblowers' Protection Act (WPA), MCL 15.361 *et seq.*, the Supreme Court held that there was effective abrogation because the WPA governs "employers" and defines "employer" to *include* the state.[6] Here, the converse is true; the definition of "owner of the dog" does *not* include the government. Reasoning by reverse analogy, I would, therefore, conclude that there is no "necessary inference" to be drawn from the fact that the definition of "owner of the dog" does not expressly exclude the government.

For these reasons, I see nothing in the dog-bite statute that would lead to the "necessary inference" that it abrogated the general doctrine of governmental immunity contained in the GTLA. Accordingly, I would affirm on this ground.

---

[6] *Anzaldua v Band*, 457 Mich 530; 578 NW2d 306 (1998).