# STATE OF MICHIGAN

# COURT OF APPEALS

KRISTOPHER DORR,

Plaintiff-Appellant,

v

STATE OF MICHIGAN, DEPARTMENT OF HEALTH AND HUMAN SERVICES, WAYNE STATE UNIVERSITY, and HENRY FORD HEALTH SYSTEM,

Defendants-Appellees.

UNPUBLISHED
April 21, 2016

No. 326241
Court of Claims
LC No. 14-000285-MZ

Before: O'CONNELL, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, Kristopher Dorr, appeals as of right the Court of Claims' February 6, 2015 opinion and order granting summary disposition to defendants, the State of Michigan, the Department of Health and Human Services (formerly the Michigan Department of Community Health, see Executive Order No. 2015-4), Wayne State University, and Henry Ford Health System, on various grounds under MCR 2.116(C). We affirm.

In 2006, plaintiff was hospitalized and diagnosed with schizophrenia. After leaving the hospital, plaintiff claims, he "began to feel stimulation in [his] nerves and muscles," and it is his position that one or more of the defendants have been performing research and experiments on him ever since. In 2013, plaintiff alleges, he "became aware that the Defendants were conducting Neural Interface Research Experiments on [him] through [his] cell phone by using [his] dental amalgam filling in [his] tooth as a neural interface device and accessing [his] brain and central nervous system to remotely stimulate motor neurons and sensory nerves in [his] body." Unhappy with the alleged research and experiments, plaintiff filed this negligence and personal injury lawsuit against all defendants in the Court of Claims. He alleged that defendants were required to obtain his consent before performing this research and experimentation on him and that they breached that duty by failing to do so. Specifically, he alleged that the State of Michigan and the Department of Health and Human Services breached their duties to him by funding Wayne State University, that Wayne State University breached its duty to him by conducting research and experimentation on him without permission, and that Henry Ford Health System breached its duty to him by releasing his medical records to Wayne State University as well as by intentionally misdiagnosing him with mental-health ailments in order to cover up their

-1-

actions. Plaintiff requested "10,000,000.00 in Compensatory Damages," ".5% of any funding given to the State of Michigan, Wayne State University School and Henry Ford Health System," "any punitive damages," an injunction, and other various relief. All defendants subsequently moved for summary disposition, and the Court of Claims granted their motions. This appeal followed.

On appeal, plaintiff challenges the Court of Claims' opinion and order granting summary disposition with respect to each defendant. We review a lower court's decision on a motion for summary disposition de novo. *Sharper Image Corp v Dep't of Treasury*, 216 Mich App 698, 701; 550 NW2d 596 (1996). Summary disposition pursuant to MCR 2.116(C)(7) is appropriate when, construing the pleadings in favor of the nonmoving party, the nonmoving party's claim is barred as a matter of law. *Pierce v City of Lansing*, 265 Mich App 174, 177; 694 NW2d 65 (2005). Summary disposition pursuant to MCR 2.116(C)(4) is appropriate when the lower court lacks subject-matter jurisdiction over the nonmoving party's claim. Applying these rules, we conclude that the Court of Claims correctly granted summary disposition with respect to each defendant.

First, we conclude that the Court of Claims correctly granted summary disposition in the State of Michigan's and the Department of Health and Human Services' favor under MCR 2.116(C)(7). Specifically, it concluded that plaintiff failed to comply with the notice requirements under MCL 600.6431 of the Court of Claims Act, MCL 600.6401 *et seq*. Pursuant to MCL 600.6431(1) and (3), plaintiff was required to file a written claim or a written notice of a claim within six months after his claim accrued. Plaintiff's complaint alleges that, at the very latest, he became aware of allegedly tortious behavior on behalf the State of Michigan and the Department of Health and Human Services in 2013. He did not file a written claim or a written notice of a claim, however, until, at the earliest, November 18, 2014. Thus, he failed to comply with MCL 600.6431. While he relies heavily on the continuing-violations doctrine to support his position on appeal, this Court has squarely rejected that position before. *Rusha v Dep't of Corrections*, 307 Mich App 300, 304; 859 NW2d 735 (2014). Therefore, summary disposition under MCR 2.116(C)(7) was appropriate. *Id*.; see also *McCahan v Brennan*, 492 Mich 730, 751-752; 822 NW2d 747 (2012).

Second, we conclude that the Court of Claims correctly granted summary disposition in Wayne State University's favor under MCR 2.116(C)(7). Specifically, it concluded that Wayne State University was governmentally immune from liability under MCL 691.1407(1). On appeal, plaintiff contends that Wayne State University's conduct in this case fell outside the purview of governmental immunity because it constituted ultra vires activity. See *Richardson v Jackson Co*, 432 Mich 377, 381; 443 NW2d 105 (1989). He fails to appreciate, however, the crucial distinction between ultra vires activity, i.e., "activity that the governmental agency lacks legal authority to perform in any manner," and "activity that a governmental agency performs in an unauthorized manner." *Id*. at 387. The latter does not constitute ultra vires activity and is subject to the protections of governmental immunity. *Id*.; see also *Pardon v Finkel*, 213 Mich App 643, 649; 540 NW2d 774 (1995). Consequently, because Wayne State University has the legal authority to perform the type of research at issue in this case, see Const 1963, art 8, § 5; *Federated Publications, Inc v Mich State Univ Bd of Trustees*, 460 Mich 75, 87; 594 NW2d 491 (1999); MCL 390.645(2), plaintiff's allegation that it conducts this research, albeit in an

allegedly unauthorized manner, undermines his ultra vires claim on appeal. Therefore, summary disposition under MCR 2.116(C)(7) was appropriate.

Third, we conclude that the Court of Claims correctly granted summary disposition in Henry Ford Health System's favor under MCR 2.116(C)(4). Specifically, it concluded that it lacked subject-matter jurisdiction under MCL 600.6419(1)(a) and (7). MCL 600.6419(1)(a) grants the Court of Claims jurisdiction "[t]o hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ against the state or any of its departments or officers . . . ." MCL 600.6419(7) defines "the state or any of its departments" as "this state or any state governing, legislative, or judicial body, department, commission, board, institution, arm, or agency of the state[.]" (Internal quotation mark omitted.) Henry Ford Health System, a private corporation, does not satisfy that definition. To the extent plaintiff claims the four-part inquiry set forth in *Manuel v Gill*, 481 Mich 637, 653; 753 NW2d 48 (2008), compels a different conclusion, we reject that position for the simple fact that this inquiry presupposes that the entity in question is governmental in nature. Furthermore, the four factors, (1) whether the entity was created by state constitution, statute, and agency action, (2) whether the state government funds the entity, (3) whether a state agency or official controls the entity, and (4) whether the state serves state or local purposes, simply do not support a conclusion that Henry Ford Health System is a state agency under MCL 600.6419(7).

Lastly, to the extent plaintiff expresses an interest on appeal in amending his complaint to include a claim under 42 USC 1981, we conclude that such a request is not appropriate before this Court. Had he, for example, moved to amend his complaint before the Court of Claims and had that motion then been denied, our review of such an issue may be different. Furthermore, it is important to note that a claim under 42 US 1981 requires purposeful discrimination, *Gen Bldg Contractors Ass'n, Inc v Pennsylvania*, 458 US 375, 391; 102 S Ct 3141; 73 L Ed 2d 835 (1982), and plaintiff has not made any allegations throughout this litigation involving purposeful discrimination. Moreover, the same concerns as those expressed above, i.e., notice, immunity, and jurisdiction, are equally applicable.

Accordingly, because the Court of Claims correctly granted summary disposition in each defendant's favor, we affirm the Court of Claims' February 6, 2015 opinion and order.

Affirmed.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Colleen A. O'Brien

-3-