*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

D. M. BURR FACILITIES MANAGEMENT, INC.,

Plaintiff/Counterdefendant-Appellee,

v

ROMULUS COMMUNITY SCHOOLS and BOARD OF EDUCATION OF ROMULUS COMMUNITY SCHOOLS,

Defendants/Counterplaintiffs-Appellants.

UNPUBLISHED
January 29, 2019

No. 340570
Wayne Circuit Court
LC No. 17-010411-CK

Before: MURRAY, C.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Defendants appeal by right the trial court's order denying their motion for summary disposition of plaintiff's conversion claims under MCR 2.116(C)(7) (governmental immunity). For the reasons stated below, we reverse.[1]

## I. BACKGROUND

---

[1] We review de novo a trial court's decision on a motion for summary disposition. *Summer v Southfield Bd of Ed*, 310 Mich App 660, 667; 874 NW2d 150 (2015). Claims of governmental immunity are analyzed under MCR 2.116(C)(7), which requires us to accept the nonmoving party's well-pleaded allegations as true "unless contradicted by any affidavits, depositions, admissions, or other documentary evidence submitted by the parties." *Pierce v Lansing*, 265 Mich App 174, 177; 694 NW2d 65 (2005). "If no facts are in dispute, or if reasonable minds could not differ regarding the legal effect of the facts, the question whether the claim is barred by governmental immunity is an issue of law." *Id.*

In June 2013, defendants[2] issued a Request for Proposals (RFP) seeking a service provider to perform a variety of maintenance services for the Romulus school district including lawn care, snow blowing, building upkeep, and janitorial services. The RFP allowed the proposer to submit bids based either on the school district providing the necessary supplies, materials, and equipment or the contractor providing same. The RFP provided that if the contractor provided its own equipment, the school district could seek to purchase the equipment from the contractor at the end of the contract term, providing a price could be agreed upon.

Plaintiff submitted the winning bid and the parties entered into a three-year service agreement under which plaintiff "would provide all cleaning chemicals, cleaning equipment, grounds equipment, and snow removal equipment." Accordingly, plaintiff purchased and obtained title to the necessary equipment and thereafter used that equipment to perform the contractual maintenance services. At the end of the contract term, defendants barred plaintiff from retaking possession of the equipment.

Plaintiff sued alleging that defendants were in breach of the contract and that their post-contract retention of the equipment constituted conversion. Defendants countersued, seeking in part a declaration that they were the owners of the disputed equipment under terms of the contract. Plaintiff moved the trial court for immediate possession of the equipment, providing an inventory of the equipment along with certificates of title for the motor vehicles in defendants' possession. The trial court granted plaintiff "temporary possession" of the property. Defendants moved the court for summary disposition of plaintiff's conversion claims, i.e., tort claims, based on governmental immunity. Defendants argued that they were engaged in a governmental function and that plaintiff failed to plead an exception to the government tort liability act (GTLA), MCL 691.1401 *et seq.* Plaintiff contended that defendants were not engaged in a governmental function when they exerted control over the equipment because there was no legal authority for that action. The trial court agreed with plaintiff and denied defendants' motion.

## II. ANALYSIS

The GTLA states, "Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1).[3] Governmental function is defined as "activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MCL 691.1401(b). Governmental immunity, however, does not provide a shield for ultra vires activity which is "defined as activity not expressly or impliedly

---

[2] For ease of reference, we will not draw a distinction between actions taken by defendant Romulus Community Schools and defendant Board of Education of Romulus Community Schools and will refer to them collectively as defendants or the school district.

[3] Because plaintiff does not allege an exception to governmental immunity, the only issue is whether the alleged tort occurred outside the exercise or discharge of governmental function. *Genesee Co Drain Comm'r v Genesee Co*, 309 Mich App 317, 327; 869 NW2d 635 (2015).

mandated or authorized by law." *Richardson v Jackson Co*, 432 Mich 377, 381; 443 NW2d 105 (1989) (emphasis removed).

It is not enough simply to show that an authorized activity has been performed in an unauthorized manner. *Id*. at 387. Moreover, the GTLA's definition of governmental function is interpreted broadly and "requires only that there be *some* constitutional, statutory or other legal basis for the activity in which the governmental agency was engaged." *Genesee Co Drain Comm'r v Genesee Co*, 309 Mich App 317, 327; 869 NW2d 635 (2015) (quotation marks and citation omitted). To determine if an act constitutes a governmental function, we consider the government's general rather than specific conduct. *Pardon v Finkel*, 213 Mich App 643, 649; 540 NW2d 774 (1995). In addition, a party suing a governmental agency does not avoid governmental immunity merely by alleging the existence of an intentional tort; it must be shown that the tort, whether or not intentional, occurred "outside the exercise or discharge of a governmental function." *Genesee Co Drain Comm'r*, 309 Mich App at 328.

As in many such cases, whether governmental immunity applies turns on how the activity in question is defined. The school district contends that the pertinent activity is maintenance of school property and entering into contracts with third parties for performance of that activity. Those activities, along with acquisition[4] of equipment, are plainly provided for by section 11a of the Revised School Code, MCL 380.1 *et seq*.[5] Plaintiff does not dispute that the school district is authorized to perform these activities, but argues that those activities do not include conversion of another's property. Defendants respond that at most plaintiff asserts that the district has performed an authorized activity—acquisition of maintenance equipment—in a manner that may have been unauthorized.

---

[4] *Black's Law Dictionary* (10th ed) defines "acquire" as "[t]o gain possession or control of; to get or obtain."

[5] MCL 380.11a states in relevant part:

> (3) A general powers school district has all of the rights, powers, and duties expressly stated in this act; may exercise a power implied or incident to a power expressly stated in this act; and, except as otherwise provided by law, may exercise a power incidental or appropriate to the performance of a function related to operation of a public school and the provision of public education services in the interests of public elementary and secondary education in the school district, including, but not limited to, all of the following:
>
> * * *
>
> (c) Except as otherwise provided in this section, acquiring, constructing, maintaining, repairing, renovating, disposing of, or conveying school property, facilities, equipment, technology, or furnishings. [MCL 380.11a(3)(c).]

Defining the activity in question is very often conclusive of the immunity issue and this case serves to demonstrate why that determination must be made on a case-by-case basis. We agree with plaintiff that even what can be construed as an authorized activity may be unauthorized where the manner of accomplishing it is so improper that the authorized activity underlying it is of little relevance. For example, while MCL 380.11a(3)(c) authorizes a school to acquire equipment in order to maintain school property, we do not believe that a school district would be engaged in a governmental function if it simply stole a tractor from a nearby farm. When a governmental agency seeks to "accomplish illegally what it could not accomplish legally, the activity [is] ultra vires . . . ." *Smith v Dep't of Public Health*, 428 Mich 540, 610; 410 NW2d 749 (1987).

Here, however, the conversion claim turns on which party has properly interpreted the contract and it is not disputed that defendants are authorized to enter into contracts and to exercise and defend their rights under those contracts. Asserting alleged contract rights does not constitute an ultra vires activity nor is it "the intentional use or misuse of a badge of governmental authority for a purpose unauthorized by law . . . ." *Id.* at 611. Accordingly, we conclude that plaintiff's conversion claims are barred by governmental immunity. Our conclusion does not, however, leave plaintiff without a remedy. Plaintiff has sued in contract and if it prevails is entitled to all contract damages. [6]

Reversed and remanded to the trial court for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro

---

[6] By contrast, the farmer whose tractor was taken in our hypothetical would not have a contract remedy.