*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NICHOLAS LYNUM,

Plaintiff-Appellant,

v

DETROIT POLICE DEPARTMENT, CITY OF
DETROIT, and MARK GOLEMBIEWSKI,

Defendants-Appellees.

UNPUBLISHED
November 30, 2023

No. 363432
Wayne Circuit Court
LC No. 21-003236-NO

Before: RIORDAN, P.J., and CAVANAGH and GARRETT, JJ.

PER CURIAM.

In this civil action concerning governmental immunity, plaintiff appeals as of right the trial court's order granting defendant Mark Golembiewski's motion for summary disposition.[1] We affirm.

## I. FACTUAL BACKGROUND

This case arises from injuries incurred by plaintiff when defendant Golembiewski's dog bit him while he was treating the dog at a veterinary hospital. Defendant Golembiewski is a DPD police officer, and Ben is defendant Golembiewski's K-9 police dog assigned to him. Ben is a 70-pound German Shepard who underwent four weeks of training at the Northern Michigan Canine facility. Ben was trained in "aggression" tactics to be able to protect his handler and apprehend suspects. Defendant Golembiewski acknowledged that Ben is a "high-energy dog" and that he "[knew] Ben needs to be muzzled when he goes to the vet."

In March 2020, defendant Golembiewski took Ben to the Caputo Animal Hospital for an annual checkup examination. Defendant Golembiewski was wearing his police uniform and was "on duty" when he took Ben in for his checkup. He drove Ben to the veterinary hospital in a department-issued police

---

[1] Summary disposition was previously granted to defendant Detroit Police Department (DPD) and defendant city of Detroit (Detroit) on June 29, 2021. Plaintiff does not challenge the June 29, 2021 order on appeal.

vehicle. Ben was muzzled and leashed when he and defendant Golembiewski arrived at the veterinary hospital; he was also muzzled and leashed while in the examination room. Plaintiff, a veterinary technician, performed Ben's examination. During the checkup, defendant Golembiewski held Ben down on the floor because Ben was too large to put on the room's examination table. Defendant Golembiewski "[put] an arm around [Ben's] neck and . . . push[ed] him to the floor and talk[ed] to him to calm him down." Defendant Golembiewski stated that this was "standard procedure" similar to Ben's previous examinations. Plaintiff likewise confirmed that "the dog had on a muzzle and [defendant Golembiewski] was holding the dog on the floor." Plaintiff stated "that was the best and safest way" to hold Ben during the examination.

Plaintiff then attempted to draw blood from Ben's leg. After plaintiff was unsuccessful in his attempts to draw blood, he released Ben's leg and stood up. Defendant Golembiewski stated that he "had a good restraint on [Ben]," but when plaintiff released him after the examination, Ben "spun around . . . and [defendant Golembiewski] just [could not] get [Ben] quick enough." Defendant Golembiewski shouted, "He slipped the muzzle," but then Ben lunged for plaintiff and bit plaintiff's arm, causing it to bleed. Defendant Golembiewski stated, "[plaintiff] just let [Ben] go and stood up, and [that is] when he spun around and backed out on me, and I was still trying to hold him and [that is] why the muzzle slipped." Defendant Golembiewski then "called [Ben] off in midair, but . . . [there was] just no room. It was too close." After defendant Golembiewski called him, Ben "[r]eturned to heel," and defendant Golembiewski shortened Ben's leash.

Plaintiff filed a complaint against all three defendants and alleged that defendants were liable for his injuries under the dog-bite statute, MCL 287.351. Plaintiff also alleged that all defendants were grossly negligent by failing to protect him from Ben, failing to control and restrain Ben, and demonstrating a substantial lack of concern for whether their conduct would cause him injury. In June 2021, the trial court granted summary disposition to defendants Detroit and DPD; however, the trial court denied summary disposition as to defendant Golembiewski.

In May 2022, defendant Golembiewski again moved for summary disposition, arguing that plaintiff's claim was barred by governmental immunity. Defendant Golembiewski argued that, at the time of the incident, he was an on-duty police officer and actively engaged in the governmental function of caring for a DPD K-9 dog. Additionally, there was insufficient evidence to show that his actions were so reckless as to demonstrate a substantial lack of concern for whether plaintiff was injured. Plaintiff failed to raise any genuine issue of material fact concerning gross negligence, and thus, defendant Golembiewski was immune from liability.

Plaintiff responded in August 2022 and maintained that defendant Golembiewski was not acting in the course of his employment during the incident. Defendant Golembiewski simply was taking Ben to the veterinary hospital for blood tests, which is a task any dog owner would do for his pet. Further, defendant Golembiewski was grossly negligent because he should have better restrained Ben, should have had Ben on a shorter leash, and should have used a better muzzle on Ben during the visit to the veterinary hospital.

At the hearing on defendant Golembiewski's motion for summary disposition, both plaintiff and defendant Golembiewski argued consistently with their written submissions. At the close of the hearing, the trial court granted defendant Golembiewski's motion. The trial court found that defendant Golembiewski was acting in the scope of his employment and performing a governmental function

because Ben was a police dog being treated at the veterinary hospital. Thus, the trial court concluded that governmental immunity existed for defendant Golembiewski. Next, the trial court found that there was no genuine issue of material fact regarding whether defendant Golembiewski was grossly negligent during the incident because he had Ben on a leash, restrained Ben during the incident, and muzzled Ben. On August 30, 2022, the trial court entered an order granting "Defendant City of Detroit's Motion for Summary Disposition."[2]

In September 2022, plaintiff moved for reconsideration of the order granting defendant Golembiewski's motion for summary disposition. The trial court denied plaintiff's motion for reconsideration in October 2022.

## II. MOTION FOR SUMMARY DISPOSITION

As a preliminary matter, defendant Golembiewski contests this Court's jurisdiction over this appeal. Defendant Golembiewski argues that, because there is no lower court order explicitly resolving his May 25, 2022 motion for summary disposition, the claims against him are still pending, and thus, this Court lacks jurisdiction. We reject defendant Golembiewski's jurisdictional challenge. Under MCR 7.203(A)(1), this Court's jurisdiction is limited to appeals from the circuit court that are defined as "final." Under MCR 7.202(6)(a)(*i*), a "final order" is an "order that disposes of all the claims and adjudicates the rights and liabilities of all the parties[.]" Additionally, under MCR 2.604(A), in cases involving multiple parties, an order "adjudicating fewer than all the claims, or the rights and liabilities of fewer than all the parties, does not terminate the action as to any of the claims or parties[.]"

The June 29, 2021 order granted summary disposition to defendants DPD and Detroit, but denied summary disposition as to defendant Golembiewski. In May 2022, defendant Golembiewski renewed his motion for summary disposition. At the August 2022 motion hearing, the trial court explicitly acknowledged defendant Golembiewski as the moving party for the motion. After the hearing, in which the trial court orally granted the motion, the trial court entered a written order granting "Defendant City of Detroit's Motion for Summary Disposition." We conclude that the August 30, 2022 order was erroneously mislabeled and titled under the incorrect defendant's name. Thus, because plaintiff timely filed a claim of appeal after the August 30, 2022 order, this Court has jurisdiction over this appeal.

Next, plaintiff argues that the trial court erred when it granted defendant Golembiewski's motion for summary disposition. We disagree.

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Under MCR 2.116(C)(7), a party may move for summary disposition on the ground that the claim is barred by immunity granted by law. "When considering a motion brought under [MCR 2.116(C)(7)], the trial court must consider any affidavits, depositions, admissions, or other documentary evidence submitted by the parties to determine whether there is a genuine issue of material fact precluding summary disposition." *Dybata v Wayne Co*, 287 Mich App 635, 637; 791 NW2d 499 (2010). "[T]he applicability of governmental immunity is a

---

[2] This inconsistency will be addressed in the following section.

question of law that this Court reviews de novo." *McLean v McElhaney*, 289 Mich App 592, 596; 798 NW2d 29 (2010).

## A. GOVERNMENTAL IMMUNITY

First, plaintiff argues that his claim against defendant Golembiewski is not barred by governmental immunity. Specifically, plaintiff argues that defendant Golembiewski was not in the course of his employment during the incident. We disagree.

Plaintiff alleges that Ben bit him in violation of the dog-bite statute, MCL 287.351.[3] However, MCL 287.351 is subject to governmental immunity. See *Tate v Grand Rapids*, 256 Mich App 656, 657; 671 NW2d 84 (2003). Under MCL 691.1407(2),

Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:

(a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.

(b) The governmental agency is engaged in the exercise or discharge of a governmental function.

(c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage.

The factors when determining a course of employment are "(1) the existence of an employment relationship, (2) the circumstances of the work environment created by the employment relationship, including the temporal and spatial boundaries established, and (3) the notion that the act in question was undertaken in furtherance of the employer's purpose." *Niederhouse v Palmerton*, 300 Mich App 625, 633; 836 NW2d 176 (2013) (quotation marks and citations omitted).

Here, defendant Golembiewski was an on-duty police officer at the time of the incident. He was wearing his police uniform and had driven to the veterinary hospital in his police cruiser. Ben was a K-9 police dog who had been assigned to defendant Golembiewski, and defendant Golembiewski brought Ben to the veterinary hospital for Ben's annual checkup so that he could continue in his role as a police dog. Thus, there is no genuine issue of material fact regarding whether defendant Golembiewski was in the

---

[3] MCL 287.351(1) provides that "[i]f a dog bites a person, without provocation while the person is on public property, or lawfully on private property, including the property of the owner of the dog, the owner of the dog shall be liable for any damages suffered by the person bitten . . . ."

course of his employment while caring for his assigned K-9 police dog. Further, defendant Golembiewski would not have even been at the veterinary hospital on the day of the incident had he not been assigned to care for Ben as part of his job at the DPD. Therefore, we conclude that there is no genuine issue of material fact regarding whether defendant Golembiewski was acting in the course of his employment during the incident.

## B. GROSS NEGLIGENCE

Second, plaintiff argues that, even if defendant Golembiewski was acting in the course of his employment, he is not entitled to governmental immunity because there is a question of fact regarding whether his actions were grossly negligent. We disagree.

An officer is protected against claims for his conduct during the course of his employment only if "the [employee's] . . . conduct does not amount to gross negligence that is the proximate cause of the injury or damage." MCL 691.1407(2)(c). Gross negligence is " 'conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.' " *Dougherty v City of Detroit*, 340 Mich App 339, 350; 986 NW2d 467 (2022), quoting MCL 691.1407(8)(a). Additionally, "[g]ross negligence suggests almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks." *Dougherty*, 340 Mich App at 350 (quotation marks and citation omitted). "Evidence of ordinary negligence or simply alleging that an actor could have done more is insufficient to meet the standard for gross negligence[.]" *Id*. (quotation marks and citation omitted).

Here, defendant Golembiewski had Ben leashed and muzzled when they entered the veterinary hospital. Ben wore the leash the entire time during the visit and wore the muzzle until he slipped out of it during the incident. Further, during his deposition, plaintiff himself stated that defendant Golembiewski was handling Ben the "best and safest way" during the examination. Defendant Golembiewski held Ben in a headlock with his arm around Ben's throat and pushed Ben to the floor of the examination room. Once plaintiff released Ben's leg during the examination, Ben abruptly got free of defendant Golembiewski's hold and spun around toward plaintiff. Defendant Golembiewski stated that he was not "quick enough" to grab Ben. Defendant Golembiewski immediately "called [Ben] off in midair" and warned plaintiff that Ben had slipped his muzzle. However, because Ben was so close to plaintiff, defendant Golembiewski could not stop Ben in time.

We conclude that there is no genuine issue of material fact regarding whether defendant Golembiewski acted with gross negligence. The evidence presented shows that defendant Golembiewski took multiple safety measures and precautions to ensure plaintiff's safety during Ben's examination. Defendant Golembiewski had Ben on a leash, had Ben muzzled, and restrained Ben in a headlock on the floor during the checkup. Defendant Golembiewski also testified that his restraining of Ben was "standard procedure." Thus, we conclude that defendant Golembiewski's actions were not so reckless as to demonstrate a substantial lack of concern for whether plaintiff would be injured. While it is possible defendant Golembiewski could have used a different muzzle or a shorter leash to restrain Ben, we conclude that these omissions, at best, would only amount to ordinary negligence, not gross negligence as is required to invalidate governmental immunity. Further, simply alleging that defendant Golembiewski could have done more is insufficient to constitute gross negligence. See *Dougherty*, 340 Mich App at 350 (quotation marks and citation omitted).

Thus, we conclude that there is no genuine issue of material fact regarding whether defendant Golembiewski was grossly negligent. Because he was not grossly negligent, defendant Golembiewski is protected against plaintiff's claim by governmental immunity. Therefore, the trial court did not err when it granted defendant Golembiewski's motion for summary disposition.

## III. MOTION FOR RECONSIDERATION

Finally, plaintiff argues that the trial court erred when it denied his motion for reconsideration because a different disposition would result from a correction of the purported palpable error. We disagree.

We "review[] for an abuse of discretion a trial court's ruling on a motion for reconsideration." *Sanders v McLaren-Macomb*, 323 Mich App 254, 264; 916 NW2d 305 (2018). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted).

MCR 2.119(F)(3) provides:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

As discussed above, plaintiff's claim against defendant Golembiewski is barred by governmental immunity because there is no genuine issue of material fact that defendant Golembiewski was acting in the course of his employment or grossly negligent in his handling of Ben at the veterinary hospital. Plaintiff has not provided any further evidence of any palpable error upon which the correction of that error would result in a different disposition of defendant Golembiewski's motion. In actuality, plaintiff's motion for reconsideration is virtually identical to the issues he raised in his response to defendant Golembiewski's motion for summary disposition. In his motion for reconsideration, plaintiff again argued that defendant Golembiewski was not acting in the course of his employment at the time of the incident, and that even if he were, he acted in a grossly negligent manner. Plaintiff did not raise any other issues, either expressly or by reasonable implication, that the trial court did not already address. Thus, we conclude that the trial court did not abuse its discretion when it denied plaintiff's motion for reconsideration.

## IV. CONCLUSION

The trial court correctly granted summary disposition in favor of defendant Golembiewski. We affirm.

/s/ Michael J. Riordan
/s/ Mark J. Cavanagh
/s/ Kristina Robinson Garrett